IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MAXIMUM AGUILAR,

       Plaintiff,

v.                                                                                                No.  14cv680 WJ/CEG

CONRAD F. PEREA,

       Defendant.

**MEMORANDUM OPINION AND ORDER DENYING MOTION
TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING CASE**

**THIS MATTER** comes before the Court on Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs.  (Doc. 2, filed August 1, 2014).  For the reasons stated below, the Court will **DENY** the application and **DISMISS** this case **with prejudice.**

**Motion to Proceed *in forma pauperis***

Plaintiff filed his Application to Proceed in District Court Without Prepaying Fees or Costs on August 1, 2014.  (Doc. 2).  The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962).

While the Court should not deny a person the opportunity to proceed under 28 U.S.C. § 1915(a) simply because he or she is not "absolutely destitute," the Court may deny permission for a person to proceed IFP where his or her monthly income exceeds his or her monthly expenses by a few hundred dollars. *See Brewer v. City of Overland Park Police Department*, 24 Fed.Appx. 977, 979 (10th Cir. 2002).

The Court will deny Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit in support of his application in which he declares that he is unable to pay the costs of these proceedings and declares under penalty of perjury that the information regarding his income is true. However, Plaintiff states that his total monthly income is $712.00 from disability and that his total monthly expenses are $0.00. Thus, according to Plaintiff's application, his monthly income exceeds his monthly expenses by $712.00. *See Brewer v. City of Overland Park Police Department*, 24 Fed.Appx. 977, 979 (10th Cir. 2002) (litigant whose monthly income exceeded his monthly expenses by a few hundred dollars according to his own accounting appeared to have sufficient income to pay filing fees, and, thus, was not entitled to IFP status).

**Dismissal of Case**

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees. The statute governing proceedings *in forma pauperis* also requires federal courts to dismiss an *in forma pauperis* proceeding that "is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2). When presented with a

motion to proceed *in forma pauperis*, district courts should first determine if the plaintiff satisfies the economic eligibility requirement of Section 1915(a), then consider whether the complaint is subject to dismissal under Section 1915(e):

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "[T]he district court may consider in the same proceeding both whether the threshold requirements of § 1915(a) have been satisfied and whether the complaint is subject to dismissal under [§ 1915(e)]. *McCone v. Holiday Inn Convention Center*, 797 F.2d 853, 854 (10th Cir. 1986). "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

Defendant Conrad Perea is a Magistrate Judge in Anthony, New Mexico. (Complaint at 2). Plaintiff appeared before Judge Perea to contest a warrant fee regarding traffic tickets. (Complaint at 3, 5). Plaintiff seeks monetary damages pursuant to 42 U.S.C. § 1983 for alleged due process and equal rights violations because Judge Perea allegedly denied Plaintiff a proper hearing and tried Plaintiff without allowing Plaintiff to confront his accuser. (Complaint at 3-5).

The Court will dismiss this case because "state court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction." *Sawyer v. Gorman*, 317 Fed.Appx. 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)); s*ee Stump v. Sparkman*, 435

U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority"). Plaintiff's allegations clearly show that Judge Perea's actions were taken in his judicial capacity. Plaintiff's complaint is frivolous, fails to state a claim on which relief can be granted, and seeks monetary relief against a defendant who is immune. Therefore, the Court will dismiss this case with prejudice. *See McMurray v. Smith*, 301 Fed.Appx. 838 (10th Cir. 2008) (district court's decision to sua sponte dismiss complaint against two judges based on their judicial action with prejudice "was undoubtedly correct").

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2, filed August 1, 2014) is **DENIED.**

**IT IS ALSO ORDERED** that this case is **DISMISSED with prejudice.**

_____
**UNITED STATES DISTRICT JUDGE**